IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACOB STANTON ROMINE                                                                PLAINTIFF

v.                                    Civil No. 5:24-cv-05184-CDC

WASHINGTON COUNTY
PROSECUTOR'S OFFICE; ARKANSAS
DEPARTMENT OF JUSTICE;
FAYETTEVILLE ANIMINAL SHELTER;
and WASHINGTON COUNTY
DETENTION CENTER                                                                   DEFENDANTS

### MAGISTRATE JUDGE'S SCREENING REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Jacob S. Romine ("Romine"), under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Romine's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Enacted as part of the Prison Litigation Reform Act.

1

## I.  BACKGROUND

The allegations of the Complaint are difficult to summarize as it contains multiple allegations of circuitous misconduct on the part of the Defendants.  (ECF No. 1).  In Claim One, Romine alleges that since 2020 on countless occasions the Washington County Prosecutor's Office have been gaslighting him, misled him about court dates, tried to entrap him with charges of felony failure to appear, and has had him incarcerated multiple times including his current incarceration. *Id.* at 4.  Romine explains that in 2020 he was attempting to deescalate a situation and ended up being charged with false imprisonment and aggravated assault. *Id.* at 5.  He indicates he fought the charges for three-and-a-half-years but finally took a plea agreement that involved him serving five years of probation. *Id.*  Following entry of the plea, Romine asserts he has been placed on an "illegal targeted persons list[2]" that has led to terrorist threats, gaslighting, destruction of property, fear mongering, gang stalking, acts of hatred toward homeless people including himself, domestic terrorism, use of StingRays and Pegasus II technology, misuse of the Patriot Act, identify theft, and more.  *Id.* at 4.  Romine indicates his primary purpose in filing this lawsuit is to make the public aware of what is happening to him.  *Id.* at 8.  Romine indicates he is a whistle blower who they have pushed too far.

In Claim Two, Romine alleges that an Arkansas Department of Justice[3] ("DOJ") task force followed him from various businesses, courtrooms, and into the woods in the Springdale and Fayetteville areas.  (ECF No. 1 at 5).   He suggests the Washington County Prosecutors are responsible for having him targeted but the DOJ is responsible for the rest of the harassment. *Id.*

---

[2] Romine indicates this is a list that the public does not know about.  (ECF No. 1 at 5).  He only became aware of it after he "experienced it as a victim."  *Id.*

[3] In the caption of his Complaint, Romine named the Arkansas Department of Justice as a Defendant.  Arkansas does not have a state agency called the Department of Justice but does have the Office of the Attorney General.  Additionally, in the body of the Complaint it appears Romine may be referring to the United States Department of Justice.

at 9.  He suggests there have been hundreds of "single violations" and multiple ongoing violations that it would take him forever to talk about because he has "tons" of evidence which he believes he should discuss with a "misconduct investigator."  *Id.*  Now that he is filing these claims, Romine believes he will have a type of shield that is going to raise a lot of red flags and leave a paper trail if something were to happen to him.  *Id.* at 10-11.

Since his incarceration, Romine indicates he has learned about the use of StingRays and how to detect them, the use of Pegasus II, and how network stack is used to monitor people.  (ECF No. 1 at 11).  He suggests many governmental agencies "play dumb about remotely control[l]ing United States citizens cell phones and laptops and other devices."  *Id.* at 11.  Because of his stalkers, Romine states he has educated himself.  *Id.*  Romine questions how his beliefs can be regarded as mere paranoia since he has learned about the existence of the various devices.  *Id.*

Romine indicates he just wants to be compensated for his ruined property and then left alone unharmed.  (ECF No. 1 at 12).  He states he wants to raise his daughter, live his life, and just report to his probation officer so he can move away "from this corruption and live somewhere where I don't have to live afraid of this sort of thing."  *Id.* at 13.

In Claim Three, Romine indicates he wants to reopen a prior lawsuit he filed against the Washington County Detention Center ("WCDC") and the Fayetteville Animal Shelter, Case No. 5:24-cv-05114.  (ECF No. 1 at 17).  In that case, he wants to seek compensatory and punitive damages.  *Id.*

In Claim Four, Romine contends the WCDC hindered his ability to receive the § 1983 paper work for this case and to get it back to the Court.  (ECF No. 1 at 14).  Romine alleges the WCDC did not give him all necessary "legal outlets, legal counsel, legal envelopes, and paper and writing utensils, and access to the Jailhouse Lawyers' Handbook in a form other than a tablet that

3

only allows 15 minutes every 180 min. at a time." *Id.* Romine indicates he is forced to break his study into fifteen-minute intervals or find a free tablet, which he states is difficult to do, or use the kiosk. *Id.* Romine indicates use of the kiosk allows the whole pod to know everything he is trying to read or study or the people he is inquiring about. *Id.*

As relief, Romine seeks compensatory and punitive damages. (ECF No. 1 at 18). He also requests release from jail, restitution for eight-months of time spent being terrorized twenty-four-hours a day, and removal from the list.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A. Washington County Prosecutor's Office

The Washington County Prosecutor's Office is not subject to suit under § 1983.  *See e.g., Hancock v. Washtenaw Cty. Prosecutor's Office,* 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (prosecuting attorney's office is not subject to suit).  Allowing Romine to amend the Complaint to sue individual prosecuting attorneys would be futile because prosecuting attorneys are immune from civil suits for damages arising from activities associated with the judicial phase of the criminal process.  *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266-67 (8th Cir. 1966).  No plausible claim is stated.

### B. Arkansas DOJ and/or United States DOJ

As noted, Arkansas does not have a state agency called the DOJ.  Instead, it has the Office of the Attorney General.  Substitution of the Office of the Attorney General as a Defendant, however, would be futile.  The Eleventh Amendment bars claims for damages by private parties against a state, its agencies, or officials.  *See e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995); *see also Fryberger v. Univ. of Ark.,* 889 F.3d 471, 473 (8th Cir. 2018) (Eleventh Amendment establishes that "an unconsenting State is immune from suits brought in

5

federal courts by her own citizens as well as by citizens of another state"). An official capacity claim against a government official is the equivalent of a claim against the entity itself. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State"). The State of Arkansas has not consented to be sued in federal court and Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Burk v. Beene,* 948 F.2d 489, 492-93 (8th Cir. 1991); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66-67 (1989).

To the extent the Complaint can be read to be asserting claims against the United States DOJ, it would be futile to add the United States DOJ as a Defendant as those claims would also subject to dismissal. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). While there are acts in which Congress has waived sovereign immunity, it has not done so in respect to civil rights actions brought against government agencies typically referred to as *Bivens* actions. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("*Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity"); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (a cause of action brought directly under the United States Constitution against a federal official).

### C. WCDC & Fayetteville Animal Shelter

Romine's claim three is his request to reopen one of his closed civil actions. Romine is advised that the proper way to ask for a case to be reopened is by filing a motion to reopen in the closed case. No plausible cause of action is stated in this claim.

### D.  WCDC

Romine's final claim is that the WCDC has interfered with his ability to research in preparation for the filing of this lawsuit and made it difficult to obtain writing implements, paper, and legal envelopes.  Initially, the Court notes that the WCDC is not an entity subject to suit under § 1983.  Rather, it is merely a building.  *See e.g., Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (county jails are not legal entities amenable to suit).  However, allowing Romine to amend to add individual defendants in place of the WCDC, would be futile.  Romine cannot prevail on his access to the courts claim.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."  *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citation omitted).  "Meaningful access to the courts is the capability to bring actions seeking new trials, release from confinement, or vindication of fundamental civil rights."  *Id.* (citation and internal quotation marks omitted).  To prove actual injury, Romine must "'demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded.'"  *Id.* (quoting *Lewis v. Casey,* 518 U.S. 343, 354 (1996)).  Here, Romine merely alleges that his research was limited to fifteen-minute intervals and it was difficult to obtain necessary writing paper, implements, and envelopes.  He does not allege any actual injury as a result.  No plausible claim has been stated.

## IV. CONCLUSION

Accordingly, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** as it fails to state claims upon which relief may be granted and involves Defendants who are either immune from suit or not subject to suit under § 1983.  28 U.S.C. § 1915A(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 26th **day of September 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE